JONATHAN E. NUECHTERLEIN
General Counsel
COLIN HECTOR
JASON ADLER
PETER LAMBERTON
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Telephone: (202) 326-3376 (Hector)
Telephone: (202) 326-3231 (Adler)
Telephone: (202) 326-3274 (Lamberton)
Facsimile: (202) 326-3768
Email: chector@ftc.gov; jadler@ftc.gov;
       plamberton@ftc.gov

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>VANTAGE POINT SERVICES, LLC, a New York limited liability company; PAYMENT MANAGEMENT SOLUTIONS, INC., a New York corporation; BONIFIED PAYMENT SOLUTIONS, INC., a New York corporation; GREGORY MACKINNON, individually and as an officer of one or more of the Corporate Defendants; MEGAN VANDEVIVER, individually and as an officer of one or more of the Corporate Defendants; ANGELA BURDORF, individually and as an officer of | Case No.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

one or more of the Corporate Defendants; and
JOSEPH CIFFA, individually and as an officer
of one or more of the Corporate Defendants,

        Defendants.

Plaintiffs, the Federal Trade Commission ("FTC"), by and through its counsel, and The

People of the State of New York ("State of New York"), by and through its counsel and Attorney

General, for their Complaint allege:

1.      The FTC brings this action under Section 13(b) of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary, preliminary, and permanent injunctive

relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement

of ill-gotten monies, the appointment of a receiver, and other equitable relief for Defendants' acts

or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15

U.S.C. §§ 1692-1692p, in connection with their abusive and deceptive debt collection practices.

2.      The State of New York, by and through the Office of the Attorney General, brings

this action under N.Y. Executive Law § 63(12) and N.Y. General Business Law Article 22-A, §

349 and Article 29-H, § 602, to obtain damages, restitution, injunctive, and other equitable relief,

and penalties of up to $5,000 for each violation of General Business Law Article 22-A.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the federal law claims in this

action under 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.

Subject matter jurisdiction is conferred upon this Court with respect to the supplemental state

law claims of the State of New York by 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1),

(c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFFS

5.      The FTC is an independent agency of the United States Government created by

statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also

enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits abusive, deceptive, and unfair

debt collection practices. The FTC may initiate federal district court proceedings by its own

attorneys to enjoin violations of the FTC Act and the FDCPA, and to secure such equitable relief

as may be appropriate in each case, including rescission or reformation of contracts, restitution,

the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b),

56(a)(2)(A) & 1692*l*(a). Section 814 of the FDCPA further authorizes the FTC to use all of its

functions and powers under the FTC Act to enforce compliance with the FDCPA. 15 U.S.C.

§ 1692*l*.

6.      Plaintiff State of New York is one of the 50 sovereign states of the United States.

The State of New York, by its Attorney General, is authorized to take action to enjoin (i)

repeated and persistent fraudulent and illegal business conduct under N.Y. Executive Law §

63(12), (ii) deceptive business practices under N.Y. General Business Law ("GBL") § 349 and

(iii) illegal debt collection practices under GBL § 602, and to obtain legal, equitable or other appropriate relief including rescission or reformation of contracts, restitution, the appointment of a receiver, disgorgement of ill-gotten monies, or other relief as may be appropriate.

## DEFENDANTS

7.      Defendant **Vantage Point Services, LLC** is a New York limited liability company that has held itself out as doing business at addresses including 4248 Ridge Lea Road, Suite 45, Amherst, New York 14228. At times material to this Complaint, Vantage Point Services has transacted business in this district and throughout the United States.

8.      Defendant **Payment Management Solutions, Inc.** is a New York corporation that has held itself out as doing business at addresses including 4248 Ridge Lea Road, Suite 45, Amherst, New York 14228 and 10235 Lockport Road, Niagara Falls, New York 14304. At times material to this Complaint, Payment Management Solutions has transacted business in this district and throughout the United States.

9.      Defendant **Bonified Payment Solutions, Inc.** is a New York corporation that has held itself out as doing business at addresses including 10235 Lockport Road, Niagara Falls, New York 14304. At times material to this Complaint, Bonified Payment Solutions has transacted business in this district and throughout the United States.

10.    Defendant **Gregory "Greg" MacKinnon**, is or has been a principal of Vantage Point Services. He also is or has been a signatory to the bank account of Vantage Point Services, and has held himself out as an officer, director, and owner of the company. At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

Defendant Greg MacKinnon resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

11.     Defendant **Megan Vandeviver** is or has been a principal of Vantage Point Services. She also is or has been a signatory to the bank account of Vantage Point Services, and has held herself out as an officer and director of the company. At times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Megan Vandeviver resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

12.     Defendant **Angela Burdorf** is or has been a principal of Vantage Point Services and Payment Management Solutions. She also is or has been a signatory to the bank account of Payment Management Solutions, and has held herself out as a member and partner of Vantage Point Services and the CEO and owner of Payment Management Solutions. At times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Burdorf resides in this district, and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

13.     Defendant **Joseph Ciffa** is or has been a principal of Bonified Payment Solutions. He is also the signatory to the bank account of Bonified Payment Solutions, and has held himself out as the corporate secretary of that company. At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Ciffa resides in this

district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

14.     Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## COMMON ENTERPRISE

15.     Defendants Vantage Point Services, Payment Management Solutions, and Bonified Payment Solutions (collectively "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive and abusive acts and practices alleged below.  The Corporate Defendants have conducted the business practices described below through interrelated companies that have common officers, managers, business functions, corporate addresses, and phone numbers, and have commingled funds.  Because the Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.  Defendants MacKinnon, Vandeviver, Burdorf, and Ciffa have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.  Thus Defendants MacKinnon, Vandeviver, Burdorf, and Ciffa are jointly and severally liable with the Corporate Defendants for the acts and practices alleged below.

## COMMERCE

16.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' ILLEGAL COLLECTION PRACTICES

17.     Since at least April 2012 Defendants have used deceptive, unfair, and abusive tactics to pressure consumers into making payments on purported debts.  These practices fall into five main categories: (1) false representations regarding the Defendants' identities, addresses and business purposes; (2) false or unsubstantiated threats of arrest and other dire consequences; (3) unlawful contacts—often involving false claims that putative debtors committed a crime and will be arrested—with putative debtors' friends, family, and coworkers; (4) failing to provide statutorily-required information to consumers; and (5) charging illegal processing fees.

18.     Defendants have reaped considerable profits from their combination of aggressive misrepresentations and failure to comply with basic disclosure requirements.  Since January 2012, Defendants have collected and processed more than 16 million dollars in payments from consumers.

### False Representations Regarding Defendants' Identities, Physical Address and Business Purposes

19.     In collection calls to consumers, when Defendants identify themselves at all, they falsely claim to be a law firm, process server, an unrelated debt collection company, or government-affiliated entity.  Defendants have claimed to be calling from scores of different entities, including: the Law Firm of Hamilton, Tate & Associates, the Compliance and Fraud division, Mediation Consulting and Warrant Services, the FBI, Legal Processing Services, Client Affairs and Processing, a private investigator working with the State of California, Stateside

Mediation, the Law Offices of Christian Young and Associates, Legal Mediation Services, and Maxwell Legal Services.

20.     In many instances, Defendants supplement these fictitious business names by claiming to be affiliated with a state or federal government agency. In some situations, Defendants tell consumers they work directly for a state or federal agency. In other situations, Defendants tell consumers that they are a law firm or similar entity that works as an intermediary with the state, and that the state places accounts with the Defendants to give consumers a chance to pay a debt before criminal charges are filed.

21.     In many instances, Defendants use false titles to reinforce the claim that they are calling from a law firm, process server, or government-affiliated agency. Instead of disclosing that they are a debt collector, Defendants identify themselves as "investigators" or "attorneys" when calling consumers. And in some cases, Defendants even go so far as to say that they are an investigator or agent working for a government agency.

22.     When a consumer agrees to make a payment, Defendants usually transfer the consumer to an ostensibly separate "payment processor." A different representative answers the transferred call, and instructs the consumers to make a payment to the "payment processing" company: Vantage Point Services or Payment Management Solutions. In many cases, as part of these payment instructions Defendants provide a corporate address indicating that the "payment processor" is located in Amherst, New York. When Defendants have responded to consumer complaints submitted to the New York Office of the Attorney General ("OAG"), Defendants have maintained this façade, falsely claiming that they are not debt collectors but mere payment processors.

23.     Defendants also use a variety of phone numbers with different area codes to deceive consumers about their identity. While Defendants utilize dozens of phone numbers at any given time, they have churned through these numbers on a regular basis. Defendants have employed over 500 distinct phone numbers—with scores of different area codes—since May 2013.

24.     By using numbers with different area codes, Defendants further the misrepresentations regarding their identity. For instance, Defendants called one consumer using a phone number with an Illinois-based area code and claimed to be a Chicago-based law firm, and Defendants called another consumer using a phone number with a California-based area code and claimed to be an investigator working with the district attorney of California.

25.     Defendants also have made an array of misrepresentations regarding the location of their corporate offices. They have claimed that both Vantage Point Services and Payment Management Solutions operate out of 4248 Ridge Lea Road, Suite 25, Buffalo, New York 14226. And they have asserted that Vantage Point Services has operated out of a series of locations, including: (i) 4248 Ridge Lea Road, Suites 1, 5, and 25, Buffalo, New York 14226; (ii) 121 Willow Drive, Tonawanda, New York 14150; and (iii) 375 North French Road, Suite 107, Amherst, New York 14228. But, for each of these locations, the Corporate Defendants either have never operated out of the asserted corporate address or, in many instances, did not operate out of the asserted address at the time representations were made.

### False or Unsubstantiated Threats of Arrest and Other Dire Consequences

26.     Building on this foundation of deception, Defendants employ an array of false threats to pressure consumers into making payments.

27.    Defendants' main tactic is to falsely represent that a consumer will be arrested if a debt is not paid within a number of hours or even minutes. In many cases, Defendants have claimed that consumers are facing "felony charges" and "arrest warrants" that will be issued by the end of the day. For example, in numerous instances, Defendants have told consumers that two felony warrants would be issued for nonpayment, the consumers would be arrested within hours—or even minutes—if they did not make a payment, and that a Sheriff or police officer was set to go to the consumers' work or home to arrest them. In some cases, Defendants represent that a judge is ready to sign the warrant, and if payment is not received in a matter of hours, Defendants will have the warrant signed and law enforcement agents will be deployed to arrest and jail the consumer.

28.    In many cases, Defendants supplement the threats of arrest with false representations about specific aspects of the arrest process and the consequences of being arrested. For example, Defendants left a consumer a voicemail message in which they told the consumer they were going to file "two felony charges" and request that the local Sheriff accompany Defendants to the consumer's residence or place of employment. Defendants also instructed the consumer to "make sure that if there are any large dogs or firearms on the premises" that they be "out of the immediate harm's way" of the Defendants and the accompanying "uniformed officer." In addition, Defendants advised the consumer to "please have adequate supervision for any minor children in the home."

29.    Similarly, in many instances, Defendants have falsely represented that consumers will spend a mandatory minimum of 90 or 120 days in jails if payment is not received. And Defendants have told consumers that once jailed, in order to be released they will have to post bail of thousands or even tens of thousands of dollars.

30.     In many instances, Defendants have claimed that consumers will be sued if a debt is not paid. But, in truth and in fact, in many instances Defendants have lacked the authority or intention to file lawsuits against consumers.

### Defendants' Unlawful Disclosure of Information to Third Parties

31.     In numerous instances, Defendants have contacted third parties, including putative debtors' friends, family members, and co-workers. In many instances, Defendants disclose information about a purported debt to these third parties.

32.     In some instances, Defendant have told third parties that putative debtors have committed a crime, an arrest warrant will be issued against the putative debtor, and the putative debtor will be imprisoned unless they call Defendants back. For example, the brother of a putative debtor received a voicemail in which Defendants claimed to be a "legal processing firm" that had been "retained through the State of California" to notify the putative debtor about "two pending felony fraud charges and a pending felony warrant."

### Defendants Fail to Provide Statutorily-Required Notices and Disclosures

33.     In numerous instances, Defendants have failed to provide consumers with basic information—including the Defendants' business name, that the call was an attempt to collect a debt, and that any information provided by the consumer would be used to collect a debt—during collection calls.

34.     In numerous instances, Defendants also have failed to provide consumers within five days after the initial communication with a statutorily-required written notice—where the information was not contained in the initial communication and the consumer had not paid the debt—setting forth: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the debt, the debt will be assumed valid;

and (4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. In numerous instances, Defendants have refused to provide consumers with this notice despite consumers' repeated requests, and as a result, consumers have not been informed about their statutory right to dispute the validity of a debt.

### Defendants' Unlawful Processing Fee Charges

35.     In numerous instances, Defendants have added a "processing fee" of twelve dollars and ninety-five cents onto each credit card payment that a consumer makes on a purported debt.

36.     The processing fee is not expressly authorized by agreement nor authorized by law.

### VIOLATIONS OF SECTION 5 OF THE FTC ACT

37.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

38.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I by Plaintiff FTC

### Misrepresentations Regarding Identity of Caller

39.     In numerous instances in connection with the collection of purported consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

      a.   Defendants are a law firm;

      b.   Defendants' representatives are attorneys or investigators; or

    c.  Defendants are affiliated with the government.

40.    In truth and in fact:

    a.  Defendants are not a law firm;

    b.  Defendants' representatives are neither attorneys nor investigators; and

    c.  Defendants are not affiliated with the government.

41.    Therefore, Defendants' representations as set forth in Paragraph 39 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count II by Plaintiff FTC

### False or Unsubstantiated Threats Regarding Consequences of Non-Payment

42.    In numerous instances in connection with the collection of purported consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

    a.    Consumers have committed one or more felony criminal acts;

    b.    Criminal charges or civil lawsuits have been filed, or will be filed, against consumers;

    c.    Consumers will be arrested or imprisoned; or

    d.    A sheriff or other law enforcement agent will come to consumers' homes or workplaces.

43.    In truth and in fact, in numerous instances in which Defendants have made the representations set forth in paragraph 42, the representations have been false or have not been substantiated at the time the representations have been made.

44.     Therefore, Defendants' representations as set forth in Paragraph 42 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

45.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date.  Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

46.     Throughout this Complaint, the term "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt."

47.     Throughout this Complaint, the term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

48.     The term "location information" as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7), means "a consumer's place of abode and his telephone number at such place, or his place of employment."

### Count III by Plaintiff FTC

### Prohibited Communications with Third Parties

49.     In numerous instances, in connection with the collection of debts, Defendants have communicated with persons other than: the consumer; the consumer's spouse, parent (if the

consumer is a minor), guardian, executor, or administrator; the consumer's attorney; a consumer

reporting agency if otherwise permitted by law; the creditor; the attorney of the creditor; or the

attorney of the debt collector.  In numerous instances, Defendants have made these

communications for purposes other than acquiring location information about a consumer,

without having obtained directly the prior consent of the consumer or the express permission of a

court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment

judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

### Count IV by Plaintiff FTC

### False, Deceptive, or Misleading Representations to Consumers

50.     In numerous instances, in connection with the collection of debts, Defendants,

directly or indirectly, expressly or by implication, have used false, deceptive, or misleading

representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e,

including, but not limited to:

    a.    Falsely representing or implying that they are affiliated with the United

        States or any State, in violation of Section 807(1) of the FDCPA, 15

        U.S.C. § 1692e(1);

    b.    Falsely representing the character, amount, or legal status of a debt, in

        violation of Section 807(2) of the FDCPA, 15 U.S.C. § 1692e(2);

    c.    Falsely representing or implying that any individual is an attorney or that

        any communication is from an attorney, in violation of Section 807(3) of

        the FDCPA, 15 U.S.C. § 1692e(3);

    d.    Falsely representing or implying that non-payment of a debt will result in

        the arrest or imprisonment of a person or the seizure, garnishment, or

attachment of a person's property or wages, when such action is not lawful or when Defendants have no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

e.  Threatening to take action that is not lawful or that Defendants do not intend to take, such as filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

f.  Falsely representing or implying that a consumer has committed any crime or other conduct in order to disgrace the consumer, in violation of Section 807(7) of the FDCPA, 15 U.S.C. § 1692e(7);

g.  Using a false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

h.  Failing to disclose in the initial communication with a consumer that Defendants are attempting to collect a debt and that any information obtained will be used for that purpose, or failing to disclose in subsequent communications that the communication is from a debt collector, in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11); and

i.  Using a business, company, or organization name other than the true name of the debt collector's business, company, or organization, in violation of Section 807(14) of the FDCPA, 15 U.S.C. § 1692e(14).

## Count V by Plaintiff FTC

### Unauthorized Charges

51.     In numerous instances, in connection with the collection of debts, Defendants have collected fees that are not "expressly authorized by the agreement creating the debt or permitted by law," in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1).

## Count VI by Plaintiff FTC

### Failure To Provide A Validation Notice

52.     In numerous instances, in connection with the collection of debts, Defendants have failed to provide consumers, either in the initial communication with a consumer or in a written notice sent within five days after the initial communication, with statutorily-required information about the debt and the right to dispute the debt in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## VIOLATIONS OF NEW YORK STATE LAW

### Fraudulent and Deceptive Acts or Practices

53.     In numerous instances, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, including, but not limited to:

      a.     Falsely representing the character, amount, or legal status of a debt;

      b.     Falsely representing or implying that non-payment of a debt will result in the arrest or imprisonment of a person or the seizure, garnishment, or attachment of a person's property, wages or bank accounts, when such action is not lawful or when Defendants have no intention of taking such action;

    c.      Threatening to take action that is not lawful or that Defendants do not intend to take, such as filing a lawsuit;

    d.      Falsely representing or implying that a consumer has committed any crime or other unlawful conduct; and

    e.      Using a false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer.

### Count VII by Plaintiff State of New York

54.    N.Y Executive Law, § 63(12) empowers the Attorney General to seek restitution and injunctive relief when any person or business entity has engaged in repeated fraudulent or illegal acts.

55.    Defendants' practices as described in paragraph 53 constitute repeated fraudulent acts, or demonstrate persistent fraud in the carrying on, conducting or transaction of business, in violation of Executive Law § 63(12).

### Count VIII by Plaintiff State of New York

56.    N.Y. General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business [...] in this state are hereby declared unlawful."

57.    Defendants' practices as described in paragraph 53 constitute deceptive acts or practices in violation of N.Y. General Business Law § 349.

## Count IX by Plaintiff State of New York

### Violation of New York State Debt Collection Law

58.    N.Y. General Business Law § 601 sets forth a list of prohibited debt collection practices. In numerous instances, Defendants have engaged in debt collection practices prohibited by General Business Law § 601, including the following:

a.    Knowingly collecting, attempting to collect, or asserting a right to any collection fee, attorney's fee, court cost or expense when such charges were not justly due and legally chargeable against the debtor in violation of General Business Law § 601(2);

b.    Disclosing or threatening to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact in violation of General Business Law § 601(5);

c.    Threatening any action which the Defendants in the usual course of their businesses did not in fact take in violation of General Business Law § 601(7); and

d.    Claiming, or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist in violation of General Business Law § 601(8).

## CONSUMER INJURY

59.    Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the FDCPA, N.Y. Executive Law § 63(12), and N.Y. General Business Law Articles 22-A and 29-H.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

60.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

61.    N.Y. Executive Law § 63(12) empowers the Attorney General to seek injunctive relief, restitution, damages, disgorgement and other relief when any person or business entity has engaged in repeated fraudulent or illegal acts, or has otherwise demonstrated persistent fraud or illegality in the carrying on, conducting or transaction of business.  N.Y. General Business Law § 349 prohibits deceptive business practices and empowers the Attorney General to seek injunctive relief, restitution and civil penalties when violations occur.  General Business Law Article 29-H, § 602 empowers the Attorney General to bring an action to restrain any violation of Article 29-H, New York's Debt Collection Procedures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FTC and the State of New York, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), N.Y. Executive Law § 63(12), and N.Y. General Business Law §§ 349, 350-d and 602(2), and the Court's own equitable powers, request that the Court:

A.      Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access to business premises, and appointment of a receiver;

B.      Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, N.Y. General Business Law Articles 22-A and 29-H and Executive Law § 63(12), by Defendants;

C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, N.Y. General Business Law Articles 22-A and 29-H and Executive Law § 63(12), including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement of ill-gotten monies;

D.      Pursuant to N.Y. General Business Law § 350-d, impose a civil penalty of $5,000 for each violation of General Business Law Article 22-A; and

E.      Award Plaintiffs the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: January 5, 2015                     Respectfully submitted,


JONATHAN E. NUECHTERLEIN                    ERIC T. SCHNEIDERMAN
General Counsel                             Attorney General of the State of New York
Federal Trade Commission

COLIN HECTOR                                JAMES M. MORRISSEY
JASON ADLER                                 Assistant Attorney General
PETER LAMBERTON                             350 Main Street, Suite 300A
Federal Trade Commission                    Buffalo, NY 14202
600 Pennsylvania Ave., N.W.                 Telephone: (716) 853-8471
Washington, D.C. 20580                      Email: james.morrissey@ny.ag.gov
Telephone: (202) 326-3376 (Hector)
Telephone: (202) 326-3231 (Adler)           Attorneys for Plaintiff the People of the State
Telephone: (202) 326-3274 (Lamberton)       of New York
Facsimile: 202-326-3768
Email: chector@ftc.gov; jadler@ftc.gov;
        plamberton@ftc.gov

Attorneys for Plaintiff Federal Trade
Commission