UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,

            Plaintiffs,

v.

VANTAGE POINT SERVICES, LLC, et al.

           Defendants.

**DECISION AND ORDER**
15-CV-006S

1.    Presently before this Court is the motion of Defendants Vantage Point Services, LLC, Payment Management Solutions, Inc., Greg MacKinnon, Angela Burdorf, and Megan VanDeViver for a protective order sealing any deposition testimony of the individual Defendants taken pursuant to the expedited discovery provisions of the *ex parte* Temporary Restraining Order.[1] (Docket No. 27.) Defendants argue that the expedited discovery afforded to the Government in this civil action exposes them to serious prejudice due to the potential for possible parallel criminal investigations. Specifically, Defendants assert that they would be required to choose at this early stage of the litigation between asserting the Fifth Amendment privilege, resulting in a possible adverse inference against them at trial, or waiving their constitutional right. Plaintiffs oppose this motion, arguing that the potential for precluded testimony or an adverse inference against Defendants fails to support the finding of good cause necessary for

---

[1] Defendants also move for an order giving control of the Corporate Defendants' business premises to Defense Counsel and a modification of the TRO for the further release of funds for attorneys' fees. These issues will be dealt with in a separate order.

1

the protective order.

2. It is undisputed that an individual is entitled to invoke his or her Fifth Amendment privilege against self-incrimination during discovery in a civil proceeding. United States v. Certain Real Property & Premises Known as 4003-4005 5th Ave., 55 F.3d 78, 82 (2d Cir. 1995); see Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S. Ct. 316, 38 L. Ed. 2d 274 (1973). A litigant asserting the privilege must nonetheless bear the consequences, such as "an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." 4003-4005 5th Ave., 55 F.3d at 83; see generally Williams v. Florida, 399 U.S. 78, 83-84, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970). "Thus, though a litigant in a civil action is entitled to avoid answering questions that might lead to self-incrimination, this entitlement often conflicts with the litigant's interest in testifying and obtaining whatever benefits such testimony might provide." 4003-4005 5th Ave., 55 F.3d at 83.

3. Accordingly, upon a timely motion, a trial court should make "special efforts" to accommodate both the constitutional privilege against self-incrimination as well as that party's interest in fully litigating the civil case. 4003-4005 5th Ave., 55 F.3d at 83 (considering civil forfeiture action); see United States v. Hines, No. 11-CV-05080 (KAM)(MDG), 2012 WL 5182910 *3, 6 (E.D.N.Y. Oct. 17, 2012) (noting the "significant stake" defendants had in defending against a civil lawsuit that could potentially preclude them from participating in the business that was their livelihood). The Second Circuit has also expressly recognized that special consideration must be given to accommodating a defendant where the plaintiff is a governmental entity with the authority to initiate separate criminal proceedings. 4003-4005 5th Ave., 55 F.3d at 83.

Further, because "*all* parties – those who invoke the Fifth Amendment and those who oppose them – should be afforded every reasonable opportunity to litigate a civil case fully," courts "should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation." Id. at 83-84 (emphasis in original).

4.      A district court is not required to issue a protective order in every civil case where a defendant is faced with a potential Fifth Amendment dilemma; rather, this determination "necessarily depends on the precise facts and circumstances of each case." See 4003-4005 5th Ave., 55 F.3d at 83 n. 4, 85.  In the instant case, several factors warrant granting the requested protective order.  Initially, this civil litigation is being pursued by both the federal and state governments, with each sovereign retaining the right to pursue any potential criminal charges arising out of the same conduct. Further, Defendants' requested order is limited to the deposition testimony Defendants are compelled to give pursuant to the expedited discovery provision of the governing temporary restraining order.  As Defendants argue, compliance with this directive may require them to make determinations about the assertion of the privilege against self-incrimination prior to being able to fully participate in reciprocal discovery themselves. As such, Defendants' ability to appropriately weigh the costs and benefits of asserting the privilege is limited.  Indeed, this Court gives significant weight to the fact these depositions will be taken prior to a determination on Plaintiffs' preliminary injunction motion. (Docket No. 11 at 32-33).  As such, to the extent that United States v. Talco Contractors, on which Plaintiffs rely, survives the Second Circuit's decision in 4003-4005 5th Ave., this case is easily distinguishable. See Talco Contractors, 153 F.R.D.

3

501, 514 (W.D.N.Y. 1994) (finding the "accommodation principle" inapplicable in the absence of special circumstances).

5.  In contrast, allowing these initial depositions to be taken with the benefit of a limited protective order would not prejudice Plaintiffs.  As Defendants expressly concede, Plaintiffs are not precluded from moving to unseal part or all of the expedited deposition testimony at a later date.  In light of this, as well as the limited scope of the expedited discovery permitted,[2] it is unclear from Plaintiffs' opposition how the requested protective order would hinder their statutory duties to protect consumers and the public at large.  "[T]he fact that the government may bring parallel civil and criminal proceedings does not mean that it is entitled to parallel proceedings without any restrictions on its use of discovery from the civil action in the criminal action." United States v. Hines, No. 11-CV-05080 (KAM)(MDG), 2012 WL 5182910 *6 (E.D.N.Y. Oct. 17, 2012) (citing United States v. Kordel, 397 U.S. 1, 12, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970)).  Further, because Defendants may still be faced with making strategic determinations regarding the assertion of the Fifth Amendment privilege in the face of a motion to unseal or in non-expedited depositions, should they be necessary, it cannot be concluded that the present request for a protective order is an attempt to obtain an unfair advantage in the present action.  See 4003-4005 5th Ave., 55 F.3d at 85. Accordingly, Defendants' request for a protective order is GRANTED.

IT HEREBY IS ORDERED that the portion of Defendants' motion seeking a protective order (Docket No. 27) is GRANTED and the deposition testimony of Gregory

---

[2] It should be noted that the expedited discovery granted is limited to: (1) the assets of Defendants; (2) the location of documents; and (3) compliance with the Temporary Restraining Order.

4

MacKinnon, Megan VanDeViver, Angela Burdorf, and Joseph Ciffa[3] taken pursuant to Section XIX of the *ex parte* Temporary Restraining Order (Docket No. 11) in this action shall be sealed and may be used solely for the purposes of this litigation until further order of this Court;

FURTHER, that transcripts of the deposition testimony and attorney work product deriving from the deposition testimony may not be shown, distributed or disseminated to any other person or otherwise used for any purpose other than in connection with a perjury prosecution arising out of the deposition testimony;

FURTHER, that this order is without prejudice to Plaintiffs' moving to unseal all or part of this deposition testimony as appropriate.

SO ORDERED.

Dated: March 30, 2015
       Buffalo, New York

                                         /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         Senior United States District Judge

---

[3] Although Defendant Ciffa is separately represented, in the interest of judicial economy the Court has included him in this protective order.