UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General
of the State of New York,

                    Plaintiffs,

v.

VANTAGE POINT SERVICES, LLC, et al.

                    Defendants.

**DECISION AND ORDER**
15-CV-006S

1.    Presently before this Court is the Receiver's first interim motion for an allowance and award of receiver's fees, local counsel fees, and related expenses. (Docket No. 31.) Specifically, the Receiver seeks fees, costs, and disbursements for services rendered by members of his firm and himself from January 5, 2015 through February 28, 2015, as well as fees, costs, and disbursements for services rendered by the firm of Smith Hulsey & Busey, which served as local counsel in Jacksonville, Florida. Plaintiffs and Defendants Vantage Point Services, Payment Management Solutions, Gregory MacKinnon, Megan VanDeViver, and Angela Bufdorf have filed objections to the requested award. (Docket Nos. 40, 41.)

2.    The amount of a receiver's compensation is to be determined by the court in the exercise of its reasonable discretion. See S.E.C. v. Byers, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). Generally, "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.' " Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522

1

F.3d 182, 183 (2d Cir. 2008)); see Byers, 590 F. Supp. 2d at 644 (amount of a receiver's compensation is within a court's reasonable discretion).  Whether a rate or fee is reasonable requires consideration of the totality of circumstances, including "the complexity of problems faced, the benefits to the receivership estate, the quality of the work performed, and the time records presented." Byers, 590 F. Supp. 2d at 644 (quoting S.E.C. v. Fifth Ave. Coach Lines, Inc., 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973)); see Arbor Hill, 522 F.3d at 190.

3. With respect to the fees requested for the Receiver's firm, neither Plaintiffs nor Defendants object to the hourly rates, which the Receiver reduced by 15% to reflect the needs and consideration of the public interest. This Court also finds the rates reasonable after consideration of the experience of the attorneys and the complexity of the present matter. (see Docket No. 13.)  Defendants request that the Receiver's award nonetheless be diminished due to the alleged failure to operate the Receivership Defendants, submit payroll for Payment Management Solutions, and pay rent on certain office spaces, allegations the Receiver strongly contests. The requested reduction appears to be purely punitive inasmuch as Defendants do not object to the services billed by the Receiver in the present motion. Instead, Defendants expressly commend the Receiver for his rate reduction, avoidance of duplicative and wasteful billing, and utilization of corporate defendant employees to conduct certain tasks. The Court therefore finds resolution of Defendants' further arguments unnecessary at this time, although they are free to raise their concerns on a more appropriate motion.

4. Plaintiffs and Defendants object to the fees requested on behalf of the local Florida counsel, asserting that the rates requested exceed those found reasonable in either this District or the Middle District of Florida.  In reply, the Receiver has reduced

the requested hourly rates for Smith Hulsey & Busey, resulting in a total reduction of approximately 17% from the amount originally requested. This reduction adopts the hourly rates suggested by Plaintiffs and exceeds the 15% reduction requested by Defendants, thereby mooting both objections. (See Pl's Obj at 4, Docket No. 41; Defs' Obj at 5, Docket No. 40.) Defendants further argue that local counsel should not be compensated for unnecessary hours spent reviewing documents. These hours, however, appear to relate to employee questionnaires and issues arising from the existence of a separate consumer debt collection agency at the Jacksonville, Florida office. The Court therefore finds a reduction in hours unnecessary.

IT HEREBY IS ORDERED that the Receiver's motion (Docket No. 31) is GRANTED and compensation for the Receiver's services rendered between January 5, 2015 through February 28, 2015 ("First Interim Period") in the amount of $35,431.45 is approved as an interim allowance, and reimbursement of expenses during the First Interim Period in the amount of $1,113.13 is approved as an interim disbursement payment;

FURTHER, that the compensation for the services of Smith, Hulsey & Busey rendered to the Receiver from January 5, 2015 through January 31, 2015 is also approved in the fee amount of $42,800.00 and disbursements of $274.77.

SO ORDERED.

Dated: April 10, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge

3