**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**FEDERAL TRADE COMMISSION, et al.,**

                **Plaintiffs,**

v.

                                                  **15-CV-6S(Sr)**

**VANTAGE POINT SERVICES, LLC., et al.,**

                **Defendants.**

---

**<u>DECISION AND ORDER</u>**

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #64.

        Plaintiffs commenced this action pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("FTCA"); Section 814 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692l ("FDCPA"); New York Executive Law § 63(12); and New York General Business Law §§ 349 and 602, alleging abusive and deceptive debt collection practices by defendants. Dkt. #1.

        Currently before the Court is a motion (Dkt. #71), by defendants Vantage Point Services, LLC; Payment Management Solutions, Inc; Greg MacKinnon; Angela Burdorf; and Megan VanDeViver seeking release of $50,000 for defendants' legal

defense from the receivership estate created by an *Ex Parte* Temporary Restraining Order With Asset Freeze ("TRO"), issued by the Court on January 5, 2015 (Dkt. #11), and continued by entry of a Preliminary Injunction With Asset Freeze on May 15, 2015. Dkt. #62.  In support of the motion, defendants' attorney declares that "defendants require resources to conduct the discovery process and prepare for trial."  Dkt. #71-1, ¶ 11.  More specifically, defendants' attorney declares that

> The living allowances carved out of the TRO since January ($5,000 for defendant MacKinnon and $8,000 for defendant Burdorf) is not nearly sufficient to support their families, let alone to compensate counsel.

Dkt. #71-1, ¶ 33.

In opposition to the motion, plaintiffs argue that defendants have not provided the Court with an accounting of their finances or any evidence to suggest that they are unable to provide for their legal defense absent release of funds from the receivership estate.  Dkt. #75.  Plaintiffs note that prior to the establishment of the receivership estate, millions of dollars were transferred to associates, including defendants' relatives, suggesting that defendants have access to funds that are being held by non-parties to this action.  Dkt. #75.

In reply, counsel for defendants' declares that the individual defendants provided a sworn and verified inventory of their financial holdings pursuant to the terms of the TRO and that defendants' responses to plaintiffs' discovery demands substantiate the defendants' explanation of the transfers as primarily relating to the purchase of debt portfolios.  Dkt. #76, ¶ ¶ 23 & 29.

In sur reply, plaintiffs' counsel declares that their investigation has revealed payment to defendant Joseph Ciffa of $340,000 in cashier's checks from debt collection activities undertaken after this action was filed, thereby substantiating plaintiffs' belief that defendants have access to sufficient funds for their legal defense. Dkt. #92.

"[J]ust as this Court has the authority to freeze assets in this civil enforcement action, it also has the discretion to unfreeze those assets when equity requires." *FTC v. 4 Star Resolution, LLC,* No. 15-CV-112, 2015 U.S. Dist. LEXIS 91069, *4 (W.D.N.Y. July 14, 2015). However, any determination to release funds must account for the fact that the asset freeze was imposed to ensure the Court's ability to fashion an appropriate remedy, such as restitution to the victims, should the plaintiffs prevail in the prosecution of this action. *Id.* The Court must also be mindful that wrongdoing has not been determined and that defendants should not be prevented from defending against the accusations set forth in the complaint. *Id.*

In balancing the defendants' right to fund their defense against the preservation of assets to compensate potential victims, the Court considers "whether the defendants have other available funds by which to pay their attorneys, which requires full financial disclosure by the defendants" as well as "the claims of the consumers who were the victims of the defendants' [alleged] wrongdoing." *Id.* at 5, *quoting FTC v. QT, Inc.*, 467 F. Supp.2d 863, 866 (N.D. Ill. 2006). As determined by the Court of Appeals for the Fifth Circuit, while "some kind of allowance must be made

to permit each defendant to pay reasonable attorneys' fees if [the defendant] is able to show that he cannot pay them from new or exempt assets; the burden . . . will be on the defendant to satisfy the court that he can secure the services of an attorney only if assets subject to the freeze order are released." *Federal Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987).  "A district court may, within its discretion, forbid or limit payment of attorney fees out of frozen assets."  *CFTC v. Noble Metals Int'l*, 67 F.3d 766, 775 (9th Cir. 1995).

Defendants have not met their burden in the instant case. Notwithstanding counsel's reference to the financial disclosures required by the TRO, such disclosures would only be accurate as of the date of filing, *to wit*, January, 2015, and would not account for any salary received from current employment or financial resources received or otherwise available from other sources.  Moreover, defendants have presented no accounting of assets within the receivership estate so as to permit the Court to consider the proportion of assets that defendants are seeking to remove from the reach of potential victims. Absent a declaration setting forth such information, the Court cannot properly consider defendants' request for release of funds. Accordingly, defendants' motion is denied.

**SO ORDERED**.

DATED:   Buffalo, New York
         May 3, 2016

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**