**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**FEDERAL TRADE COMMISSION, et al.,**

                              **Plaintiffs,**

**v.**
                                                                    **15-CV-6S(Sr)**


**VANTAGE POINT SERVICES, LLC., et al.,**

                              **Defendants.**

---


### DECISION AND ORDER

           This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications.  Dkt. #64.


           On February 11, 2016, Sky's Blue Asset Management, LLC ("Sky's Blue"), produced Suzanne Mangus, President of Sky's Blue, for deposition pursuant to a subpoena seeking testimony in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure. Dkt. #112-2, p.27.  Ms. Mangus testified that Sky's Blue extended credit to defendant Vantage Point Services, LLC ("Vantage Point"), and acted as a middleman between the owner of the debt portfolio at issue in this litigation and Vantage Point.  Dkt. #112-2, pp.29-31 & 32-33.  When asked to identify the owner of the debt portfolio, Ms. Mangus testified that it was "one of our lenders," but declined to name the lender because of a non disclosure agreement between the owner/lender and Sky's Blue.  Dkt. #112-2, p.33.  Ms. Mangus' attorney placed the following objection on the record:

> I'm going to object on the basis of an existing non disclosure
> agreement between my client Sky's Blue and the lender.  For
> her to answer that question might induce a breach of the terms
> of the non disclosure agreement.  I would also note that the
> lender's not present in this proceeding.  We do not have their
> permission or their consent to disclose the content, neither their
> identity nor the content of the non disclosure agreement.
> Therefore, I'm going to direct the witness not to answer any
> questions that relate to the identity of the lender in this
> particular transaction.

Dkt. #112-2, p.33.  Counsel also objected on the ground that questions involving parties

other than the defendants in this action were not relevant and went beyond the scope of the

30(b)(6) notice.  Dkt. #107, p.33.

Ms. Mangus also declined to explain why Sky's Blue wrote a check to Joe

Walter and Scott Colby for March and April rent for 10325 Lockport Road, stating that the

check "has got to do with another client of mine," a client with whom she had a non

disclosure agreement.  Dkt. #112-2, pp.39-40 & 42.  Ms. Mangus' counsel directed Ms.

Mangus not to answer the question on the ground that it was not relevant to any of the

defendants in this action and not within the scope of the 30(b)(6) notice.  Dkt. #112-2,

pp.40-41.  Counsel for plaintiffs' suggested that several of the defendants maintained

offices at 10325 Lockport Road, but Ms. Mangus denied knowledge of whether any of the

defendants operated out of that location.  Dkt. #112-2, pp.44-45.

Currently before the Court is plaintiffs' motion to compel Sky's Blue to

respond to these deposition questions.  Dkt. #112.  In support of the motion, plaintiffs argue

that the identity of the owner/lender is crucial to assessing the veracity of defendants and

their representations regarding the legitimacy of transfers of funds to Sky's Blue and other

third parties.  Dkt. #112-1, p.3.  Plaintiffs note that Sky's Blue's highest paid employee is

Douglas MacKinnon, the twin brother of defendant Gregory MacKinnon, and that more than $1.5 million was transferred from Vantage Point to Sky's Blue between November 2013 and October 2014. Dkt. #112-1, p.2.  With respect to the rent payments for 10325 Lockport Road, plaintiffs' counsel argues that the reason for the payments from Sky's Blue to a property owned by defendant Gregory MacKinnon's nephew and occupied by defendants Vantage Point, Payment Management Solutions, Bonnified Payment Solutions, Gregory MacKinnon, Angela Burdorf, and Joseph Ciffa is relevant to discerning the legitimacy of the transfers and the nature of the relationship between defendants and Sky's Blue. Dkt. #112-1, p.4.

In response to the motion to compel, Sky's Blue argues that none of the matters for examination outlined in plaintiffs' notice of deposition contained any indication that the Sky's Blue representative would be questioned about the identity of a non-defendant lender or about rental payments made on behalf of a non-defendant client.  Dkt. #115, ¶ 11.

In reply, plaintiffs note that Sky's Blue has abandoned its argument that responding to plaintiffs' questions would violate non disclosure agreements and argues that the questions are relevant to understanding the relationship between Sky's Blue and the corporate defendants, a topic clearly encompassed by the 30(b)(6) notice.  Dkt. #121.  The 30(b)(6) notice requests, *inter alia*, that a witness be prepared to testify regarding the "relationship of Sky's Blue with each Corporate Defendant, including Sky's Blue's communications, agreements, and financial and business relationships with each Corporate Defendant." Dkt. #112-2, p.22.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides the mechanism for obtaining deposition testimony from a corporation:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation.  The persons designated must testify about information known or reasonably available to the organization.

The goal of the Rule 30(b)(6) requirement that a deposition notice for a corporation specify the matters for examination is "to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter."  Wright & Miller, 8A Federal Practice & Procedure § 2103 (3d ed.).  Thus, a notice of deposition sets forth the minimum, not the maximum, about which a deponent must be required to speak.  *Crawford v. Franklin Credit Mgmt Corp.*, 261 F.R.D. 34, 39 (S.D.N.Y. 2009).

"The proper scope of the questioning of a Rule 30(b)(6) witness is not defined by the notice of deposition, but by Rule 26(b)(1) of the Federal Rules of Civil Procedure, unless a court otherwise directs." *Id.*  As a result, a 30(b)(6) witness may provide individual testimony about additional relevant topics, with the caveat that unless the witness is also an officer or managing agent of the firm, that testimony should not normally be considered to be offered on behalf of the corporation.  Wright & Miller, 8A Federal Practice & Procedure § 2103 (3d ed.); *See Falchenberg v. New York State Dep't of Ed.*, 642 F. Supp.2d 156, 164 (S.D.N.Y. 2008) ("Questions and answers exceeding the scope of the 30(b)(6) notice . . .

are merely treated as the answers of the individual deponent."), *aff'd* 338 Fed. App'x 11 (2d Cir. 2009).

The Court finds that the questions at issue are encompassed within the matters for examination attached to the Notice of Deposition.  Specifically, the Court finds that the identity of the owner/lender and the basis for the rental payments for 10325 Lockport Road may well clarify "Sky's Blue's communications, agreements, and financial and business relationship with each Corporate Defendant."  Dkt. #112-2, p.22.  In any event, the questions are relevant to understanding the significant transfer of funds between Sky's Blue, defendants and potentially related interests.  Notably, this is not a situation where the deponent does not possess sufficient knowledge to answer the questions but was concerned with complying with  the terms of non disclosure agreements. That concern can be addressed with a mutually acceptable protective order.  Accordingly, Sky's Blue is directed to provide plaintiffs' with the identity of the owner/lender and the basis for the rental payments for 10325 Lockport Road within 20 days of the entry of this Decision and Order.

**SO ORDERED**.

DATED:      Buffalo, New York
            June  20, 2016

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**