**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────────────────

**FEDERAL TRADE COMMISSION, et al.,**

                              **Plaintiffs,**

**v.**

                                                    **15-CV-6S(Sr)**

**VANTAGE POINT SERVICES, LLC., et al.,**

                              **Defendants.**

─────────────────────────────────────────

**<u>DECISION AND ORDER</u>**

        This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for

hearing and disposition of all non-dispositive motions or applications.  Dkt. #64.


        On October 7, 2015, plaintiffs served defendant Gregory MacKinnon with

a First Request for Production of Documents generally seeking all electronic mail

relating to the defendants' debt collection business.  Dkt. #122-1, pp.10-11.


        By emails dated November 16, 2015 and November 23, 2015, and letter

dated November 24, 2015, plaintiffs sought responses to their First Request for

Production of Documents. Dkt. #122-1, pp.15, 17 & 19.  On January 25, 2016,

defendant Gregory MacKinnon responded to the request with numerous objections, but

not a single email.  Dkt. #122-1, pp.21-37.  Specifically, defendant objected

> on the grounds that the requested documents are not within
> Defendant's custody or control. . . . Defendant is not in
> control of the requested materials due to limited access to
> materials by virtue of the Court-appointed Receiver in this
> case.  Defendant's counsel is working with the Receiver and
> anticipates performing a diligent search for such materials.
>
> Defendant objects to the request on the grounds that the
> request does not describe the requested material with
> sufficient particularity to allow for production. . . .
>
> Defendant objects to this request on the grounds that the
> requested materials are readily available from the court-
> appointed Receiver in this case and were already made
> available to Plaintiffs by virtue of Plaintiffs' immediate access
> on January 6 and 7, 2015. . . .
>
> Defendant objects to this request on the grounds that it
> seeks materials that are outside the scope of Rule 26
> disclosure in this matter. . . .

Dkt. #122-1, pp.21-37.


By email dated January 25, 2016, plaintiffs' counsel advised defendant's

counsel that he "spoke to the Receiver moments ago, to inquire about the discovery

demands, and he informed me that he has not spoken to you or any of Defendants'

counsel about this case for months."  Dkt. #122-1, p.40.  In any event, plaintiffs' counsel

advised defendants' counsel that

> there is no reason why the existence of the Court-appointed
> receiver would prevent Defendants from obtaining
> responsive materials.  Many if not all of the email addresses
> used by Defendants were through email providers such as
> Yahoo! and Google and can be accessed remotely by
> Defendants.  Moreover, some of the email addresses used
> by Defendants in their collection business are personal
> accounts – including GMAC1208@yahoo.com used by Greg
> MacKinnon – that are readily accessible (if not exclusively
> accessible) to Defendants.  And even to the extent that the

Court-appointed Receiver affected Defendants' ability to access electronic data when the Receiver controlled Defendants' business premises, that control was ceded back to Defendants months ago, following Defendants' repeated requests for the Receiver to turnover the premises.

Dkt. #122-1, p.40.

By e-mail dated January 26, 2016, defendants' attorney advised that

by virtue of the asset freeze and Receivership, Defendants are unable to make the requested production (e.g., in native-electronic form) at the present time.  By way of background, in the Western District electronic materials (including e-mail accounts) are typically imaged by an outside vendor. Attorneys for the party requesting production then typically indicate search terms they would like searched in the imaged e-mail account, and the attorney for the producing party then reviews the materials for privilege before turning over the electronic materials with a privilege log.  Our office is willing to work on this type of production with the Government. Once again, we are unable to do so without resources to hire an outside vendor to image the account. We believe these resources should also be released from the Receivership estate.

Dkt. #122-1, p.43.

By e-mail dated January 29, 2016, plaintiffs' counsel agreed "to release funds to cover reasonable costs for an outside vendor to copy the files to a source that is accessible to Defendants' counsel."  Dkt. #122-1, p.45.  By e-mail dated March 9 and March 23, 2016, plaintiffs' counsel reiterated the need to discuss the email accounts. Dkt. #122-1, pp.47 & 49. By email dated March 28, 2016, plaintiffs' counsel memorialized the parties' agreement to release up to $3,000 to retain a vendor to image defendants' email accounts.  Dkt. #122-1, p.51.  The parties stipulated to the

release of $3,000 for the imaging of email accounts on April 4, 2016.  Dkt. #113.  By

email dated April 26, 2016, plaintiffs' counsel memorialized the need to request

additional funds to finance the imaging of defendants' email addresses.  Dkt. #122-1,

p.53.


On May 19, 2016, plaintiffs filed this motion to compel defendant Gregory

MacKinnon to produce all electronic mail sent to or received from defendant's yahoo

account which relate to the defendants' debt collection business.  Dkt. #122.


In response to the motion to compel, counsel for defendant Gregory

MacKinnon advised the Court that "Defendants believe they have reached an

agreement with the Government with respect to e-mail communications of Gregory

MacKinnon requested by the Government in the demands at issue."  Dkt. #124, ¶ 8.

Attached to the response is a letter from defense counsel dated June 2, 2016 stating:

> Upon review of the demands, the only e-mail address that
> may have responsive information that was not cloned by the
> Government in connection to the immediate access is Mr.
> MacKinnon's personal e-mail account,
> Gmac1208@yahoo.com.  As you know, Mr. MacKinnon no
> longer has access to that account.  At the conclusion of Ms.
> Davis' deposition on June 1, I indicated our willingness to
> subpoena the entirety of the e-mail account from Yahoo and
> to then search the materials to provide responsive
> documents to the Government.  At that time, you both
> indicated that proposal may be acceptable to you.  In the
> event that it is, please let me know and I will send the
> subpoena as soon as possible.

Dkt. #124-1, pp.8-9.

In reply, plaintiffs' counsel denies any agreement with respect to the

yahoo email account and requests that the Court Order defendant to take whatever

steps are necessary to produce the requested documents.  Dkt. #127, p.1.  Plaintiffs'

counsel notes that the Electronic Communications Privacy Act bars the use of

subpoenas for disclosure of emails and notes that defendant has not explained why he

is unable to access his personal email account.  Dkt. #127, pp.1-3.  Specifically,

plaintiffs' counsel states that it was only after plaintiffs moved to compel that defendant

MacKinnon advised that he no longer had access to his personal email account,

arguing that

> Defendant MacKinnon's eleventh-hour claim that he no
> longer has access to his email account is difficult to believe.
> He identified GMAC1208@gmail.com [sic] as his main
> personal email address - and the address he used to
> conduct business related to the defendant companies - in
> sworn testimony.  In discussing the First Request for
> Documents, counsel raised privilege concerns given
> MacKinnon's use of the account to communicate with his
> lawyers during the pendency of this litigation, and never
> suggested there were access problems until after plaintiffs
> moved to compel.  And defendants have provided no reason
> - and MacKinnon has not submitted an affidavit - explaining
> why defendant MacKinnon no longer has access to this
> account in his response.  Nor have they detailed any steps
> that MacKinnon has taken to attempt to re-obtain access to
> the account.

Dkt. #127, p.4.


Mr. MacKinnon has failed to proffer any explanation as to why his

personal email account is inaccessible nor has he proffered any explanation of his

attempts to gain access to his personal email account.  Accordingly, Mr. MacKinnon is

directed to  produce the relevant emails from GMAC1208@yahoo.com within 20 days

of the entry of this Decision and Order or submit an affidavit documenting his diligence

in attempting to obtain access to his email.  Defendant is forewarned that his failure to

comply with this Order will be deemed contempt of court pursuant to Fed. R. Civ. P.

37(b)(2)(A)(vii).


**SO ORDERED**.


DATED:      Buffalo, New York
            June 20, 2016


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**