**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**FEDERAL TRADE COMMISSION, et al.,**

                **Plaintiffs,**

v.

                                                            **15-CV-6S(Sr)**

**VANTAGE POINT SERVICES, LLC., et al.,**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #64.

Plaintiffs commenced this action pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("FTCA"); Section 814 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692l ("FDCPA"); New York Executive Law § 63(12); and New York General Business Law §§ 349 and 602, alleging abusive and deceptive debt collection practices by defendants. Dkt. #1.

On January 5, 2015, Judge Skretny issued an *Ex Parte* Temporary Restraining Order With Asset Freeze ("TRO"). Dkt. #11.

On March 30, 2015, Judge Skretny granted defendants' motion for a protective order sealing the deposition testimony of individual defendants Gregory MacKinnon, Megan Van DeViver, Angela Burdorf, and Joseph Ciffa taken pursuant to the expedited discovery provision of the temporary restraining order.  Dkt. #42.  In reaching this conclusion, Judge Skretny relied upon the fact that the civil litigation was commenced by both federal and state government, each of which could pursue criminal charges arising out of the conduct at issue in this civil litigation. Dkt. #42. The protective order was granted without prejudice to plaintiffs' moving to unseal all or part of the depositions testimony.  Dkt. #42.

On May 15, 2015, Judge Skretny entered a Preliminary Injunction With Asset Freeze. Dkt. #62.

On October 15, 2015, this Court granted defendants' motion for a protective order sealing the deposition testimony of the individual defendants taken during the course of discovery.  Dkt. #83.  The Court explicitly afforded plaintiffs' the right to seek modification of the protective order.  Dkt. #83.

On January 29, 2016, the Court So Ordered a Stipulated Protective Order which allows, *inter alia*, designation of deposition transcripts as Confidential Material by identifying the specific page(s) and line number(s) that are confidential and creates a process where, upon objection to the designation, the designating party may move the Court to uphold the confidential designation.  Dkt. ##99 & 101.

Currently before the Court is plaintiffs' motion to unseal the deposition testimony of the individual defendants so as to allow plaintiffs to publicly file excerpts of the depositions, as well as deposition exhibits, in support of plaintiffs' forthcoming motion for summary judgment. Dkt. #125.  Plaintiffs argue that, as supporting documents to plaintiffs' summary judgment motion, the documents are entitled to public access.  Dkt. #125.  Absent relief from the protective order, plaintiffs will be required to file the motion for summary judgment under seal, thereby inhibiting public scrutiny of the evidence in this case.  Dkt. #125.  Plaintiffs note that, pursuant to the terms of a stipulated protective order (Dkt. #99), defendants could mark specific passages of deposition testimony as confidential and ask the Court to uphold that designation. Dkt. #125-1, p.6.

Defendants argue that plaintiffs' admission that a parallel civil investigation involving the individual and corporate defendants was being conducted by the New York State Attorney General and the Consumer Financial Protection Bureau ("CFPB"), combined with  plaintiffs' refusal to rule out referral of this matter for criminal prosecution, warrants continued sealing of the deposition testimony of the individual defendants. Dkt. #136, ¶¶ 4-5.  Defendants also argue that they relied upon the continuation of the sealing order in deciding to provide testimony in this action.  Dkt. #136, ¶¶ 32-35.  Finally, defendants argue that redaction pursuant to the stipulated confidentiality order is inadequate to protect them from the potential consequences of disclosure to the CFPB.  Dkt. #136, ¶¶ 37-38.

-3-

Plaintiffs reply that defendants could not have reasonably relied upon protective orders entered without prejudice to plaintiffs' moving to unseal the deposition transcripts. Dkt. #141, p.2. Plaintiffs reiterate that they are only seeking to unseal those portions of the deposition transcripts which are relevant to their upcoming motion for summary judgment. Dkt. #141, p.9.

"Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.*"* S.E.C. v. THESTREET.COM*, 273 F.3d 222, 229 (2d Cir. 2001), quoting Martindell v. Int'l Tel. & Tel. Corp*., 594 F.2d 291, 296 (2d Cir. 1979). Any other rule would "unfairly disturb the legitimate expectations of litigants," and discourage parties from providing deposition testimony or negotiating settlements in civil actions. *Id.* at 229-30; *See Martindell*, 594 F.2d at 295 ("Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences.").

In contrast to the "general and strong presumption *against access* to documents sealed under protective order when there was reasonable reliance upon such an order," the Court of Appeals has recognized "that a subspecies of sealed documents in civil cases – so called 'judicial documents' – deserve a presumption in

favor of access." *Id.* at 231, *citing United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Thus, although recognizing the value of protective orders "to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial," the Court of Appeals has also emphasized that "different considerations apply" at the adjudication stage. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Those considerations include "the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). As a result, the Court of Appeals has declared that "documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. Such documents "should not remain under seal absent the most compelling reasons," *Id., quoting Joy*, 692 F.2d at 893.

In the instant case, the individual defendants cannot claim reliance upon the protective order because it was entered without prejudice to plaintiffs' moving to unseal all or part of the depositions testimony (Dkt. #42), and with an explicit acknowledgment of plaintiffs' right to seek modification of the protective order. Dkt. #83. *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 320 (D. Ct. 2009) ("Where the court explicitly instructed the parties that they could revisit the issue of confidentiality at any point during the proceedings, there was no reasonable reliance on the protective order remaining permanent."), *citing Allen v. City of New York*, 420 F. Supp.2d 295, 301 (S.D.N.Y. 2006).

At the summary judgment stage of these proceedings, the public is entitled to assess plaintiffs' evidence of abusive and deceptive debt collection practices by defendants; defendants' evidence in defense of these allegations; and the Court's analysis of the legal issues raised in light of the evidence presented.  Transparency is particularly important in this case because the plaintiffs are government agencies entrusted to protect the public. The Court trusts that plaintiffs will limit the evidence presented in support and/or defense of upcoming dispositive motions to that which is germane to the legal issues presented in those motions. *See Lugosch*, 435 F.3d at 119 ("In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process."), *quoting United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").  To the extent that defendants disagree with the relevance of deposition testimony to be proffered by plaintiffs, they may avail themselves of the designation of confidential material provisions set forth in the stipulated protective order.

**SO ORDERED**.

DATED:	Buffalo, New York
	August 10, 2016

　　　　　　　　　　　　　　　　　　　　　　　　 *s/ H. Kenneth Schroeder, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**