UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General
of the State of New York,

         Plaintiffs,
 v.              **DECISION AND ORDER**
                       15-CV-6S

VANTAGE POINT SERVICES, LLC, et al.

         Defendants.

1. Presently before this Court is Plaintiffs' Motion for Contempt (Docket No. 205), seeking an order (1) holding Defendant Joseph Ciffa in contempt of the Second Preliminary Injunction (Docket No. 202), (2) requiring him to produce his past three years of federal tax returns, and (3) requiring him to provide an overdue interrogatory response.

2. On May 15, 2015, this Court entered a preliminary injunction (the "First Preliminary Injunction"), forbidding Ciffa from engaging in unlawful debt collection activities and freezing his assets. (Docket No. 61.) On December 14, 2016, having received evidence of probable violations of the First Preliminary Injunction, this Court entered a temporary restraining order. (Docket No. 196.) On January 11, 2017, the parties presented this Court with a stipulation to enter another preliminary injunction (the "Second Preliminary Injunction"), which was agreed to and signed by Ciffa through his counsel. (Docket No. 199.) Pursuant to the terms of the Second Preliminary Injunction, Ciffa agreed to complete a financial statement, Attachment A to the Second Preliminary

1

Injunction, which requires Ciffa to provide copies of "Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents." (Id., Att. A, Item 24.) Ciffa further agreed to "respond within five (5) business days after Plaintiffs serve . . . Interrogatories" concerning Ciffa's assets. (Id. at 12.) On January 17, 2017, this Court signed and docketed the Second Preliminary Injunction, thereby making it an order of the Court. (Docket No. 202.)

3. Ciffa now refuses to provide his tax returns and to answer an interrogatory concerning his assets. His grounds for refusal appear to be the misapprehension that the Second Preliminary Injunction does not constitute an order of this Court, or that the terms of the Second Preliminary Injunction do not require him to provide these documents. He is incorrect. The terms of the Second Preliminary Injunction, to which Ciffa expressly agreed, and which have been made an order of this Court, require him to provide the documents at issue. His continued failure to do so puts him at risk of being held in contempt, as well as at risk for imposition of a monetary sanction.

4. Nor is this Court persuaded by Ciffa's argument that he cannot produce the tax returns as they may have been filed jointly and therefore the disclosure would violate his wife's privacy. Ciffa has already agreed (and this Court has ordered) that Ciffa's returns, as well as those of his spouse and dependents, be produced. A protective order can be put into place to dispel privacy concerns.

IT HEREBY IS ORDERED that Defendant Joseph Ciffa shall comply with the terms of the Second Preliminary Injunction (Docket No. 202), including by (1) producing his past three years of federal tax returns, and (2) providing the overdue interrogatory response no later than May 1, 2017;

FURTHER, that Plaintiffs' Motion to Hold Joseph Ciffa in Contempt (Docket No. 205) shall be held in abeyance pending his compliance with this Order;

FURTHER, that the parties shall appear for a status conference before this Court on May 3, 2017 at 9 am to report back on the Motion.

SO ORDERED.

Dated: April 24, 2017
Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge