UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK, by
ERIC T. SCHNEIDERMAN, Attorney General
of the State of New York,

                Plaintiffs,
v.

VANTAGE POINT SERVICES, LLC, et al.

                Defendants.

**DECISION AND ORDER**
15-CV-6S

    1.    Presently before this Court is a motion by Defendants Angela Burdorf, Gregory Mackinnon, Vantage Point Services, LLC, and Payment Management Solutions, Inc. to (1) vacate the preliminary injunction in this case, (2) release frozen funds to be used for attorney's fees, or (3) relieve defense counsel from further service in this matter. (Docket No. 243.)  Plaintiffs the Federal Trade Commission and the State of New York, Office of the Attorney General oppose the motion and argue that the request should be denied because, *inter alia*, Defendants have failed to offer sufficient evidence of the necessity for this relief.  For the reasons discussed below, the motion is denied without prejudice to further applications for release of funds for attorneys' fees.

    2.    The FTC and the State of New York filed a nine-count complaint on January 5, 2015. (Docket No. 1.)  The same day they filed their complaint, Plaintiffs moved for an *ex parte* temporary restraining order ("TRO"). On January 5, 2015, this Court granted Plaintiffs' *ex parte* motion and issued a TRO with an asset freeze and appointment of a Receiver to oversee the named corporate Defendants and their assets, subsidiaries, and

1

affiliates, including accounts held by Solidified Payment Solutions, LLC and Vision Asset Management Group, LLC. (Docket No. 11.) Pursuant to the authority granted by the TRO, Plaintiffs and the Receiver entered Defendants' business premises on January 7, 2015, and the Receiver took control of the corporate Defendants and related entities. Plaintiffs then moved for a preliminary injunction with terms similar to the TRO, which this Court granted on May 15, 2015, over Defendants' objections. (Docket Nos. 61, 62.)

3. Defendants now seek to vacate the asset freeze set forth in the preliminary injunction or for a modification of the Preliminary Injunction Order, allowing the release of assets to pay their attorney's fees. "[A]n applicant for modification of a preliminary injunction must furnish credible evidence of a significant change in facts or law, or bring forward factual matters, that had the Court considered them, might have reasonably altered the result." S.E.C. v. CKB168 Holdings, Ltd., No. 13-CV-5584 (RRM), 2017 WL 4465726, at *4 (E.D.N.Y. June 20, 2017) (internal quotations and alterations omitted). "In considering whether to modify an asset freeze, 'the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief.'" S.E.C. v. McGinn, Smith & Co., Inc., No. 10-CV-457 (GLS/CFH), 2013 WL 12141501, at *1 (N.D.N.Y. Sept. 11, 2013) (quoting S.E.C. v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1106 (2d Cir. 1972)).

4. The only grounds for vacating the Preliminary Injunction Order that Defendants have identified is this Court's denial of Plaintiffs' motion for summary judgment—which occurred on July 18, 2017, approximately nine months before the present motion was filed. See F.T.C. v. Vantage Point Servs., LLC, 266 F. Supp. 3d 648 (W.D.N.Y. 2017). That denial was not due to the weakness of Plaintiffs' case, as

Defendants suggest, but rather due to this Court's lack of authority to resolve disputed issues of fact on a motion for summary judgment. As noted in that decision, "'the standard of proof [for a preliminary injunction] is not the same as the one applicable to a motion for summary judgment.'" Id. at n. 4 (quoting Veramark Techs., Inc. v. Bouk, 10 F. Supp. 3d 395, 401 (W.D.N.Y. 2014)). Because Defendants present no new facts, exhibits, testimony, or other evidence to suggest that the preliminary injunction should be vacated, and because the denial of Plaintiffs' summary judgment alone is not sufficient to outweigh the strong considerations indicating the need for the preliminary injunction to remain in place, the motion to vacate the Preliminary Injunction Order is denied.

5. Nor have Defendants provided sufficient evidence to demonstrate the necessity for release of funds for attorney's fees. The determination of whether to unfreeze assets for the purposes of living expenses or defense fees requires consideration of whether the defendants have other available funds by which to pay their attorneys, and thus a court cannot make such a determination without full financial disclosure from the defendants. F.T.C. v. 4 Star Resolution, LLC, No. 15-CR-112S, 2015 WL 4276273, at *1 (W.D.N.Y. July 14, 2015). Those financial disclosures must be current, not months or years out of date. Further, Defendants must provide sufficient information to allow the court to assess whether the release of attorney's fees could strip the Court of its ability to fashion an appropriate remedy, such as restitution to the victims, in the event that Plaintiffs are successful in its prosecution of this action. See 15 U.S.C. § 53(b); C.F.T.C. v. Noble Metals Int'l, 67 F.3d 766, 775 (9th Cir. 1995) (affirming denial of fee application where frozen assets were insufficient to cover amount needed to compensate victims).

6. Defendants last such application was made to Magistrate Judge Schroeder in 2016. In denying the motion, Judge Schroeder made these requirement clear:

> Notwithstanding counsel's reference to the financial disclosures required by the TRO, such disclosures would only be accurate as of the date of filing, to wit, January, 2015, and would not account for any salary received from current employment or financial resources received or otherwise available from other sources. Moreover, defendants have presented no accounting of assets within the receivership estate so as to permit the Court to consider the proportion of assets that defendants are seeking to remove from the reach of potential victims. Absent a declaration setting forth such information, the Court cannot properly consider defendants' request for release of funds.

F.T.C. v. Vantage Point Servs., LLC., No. 15-CV-6S(SR), 2016 WL 1745514, at *2 (W.D.N.Y. May 3, 2016). Despite this denial, Defendants filed the present motion making essentially the same arguments, pointing only to the disclosures they made at the start of this case in 2015.[1] Those disclosures were deficient two years ago, and are no more acceptable now. Accordingly, the motion to release funds for attorney's fees is denied.

7. Finally, defense counsel seeks to withdraw if funds are not released, contending that attorney's fees have not been paid. Under this Court's Local Rules, an attorney of record may withdraw by court order "upon a finding of good cause" or by stipulation. L. R. Civ. P. 83.2(d). Defendants have not consented to the withdrawal, so defense counsel may not withdraw unless this Court finds good cause to end the representation.

8. Defense counsel contends that there is good cause for withdrawal due to non-payment of fees. However, '[n]on-payment of legal fees, without more, is not usually

---

[1] On reply, Defendants submit undated declarations from MacKinnon and Burdorf stating that their financial positions are "unchanged" from the time of their depositions. (Docket Nos. 258-1, 258-2.) This, again, is not the detailed financial accounting required by this Court, nor is it even clear that the undated declarations were made in 2018.

4

a sufficient basis to permit an attorney to withdraw from representation.'" United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006) (quoting In re Albert, 277 B.R. 38, 50 (Bankr. S.D.N.Y. 2002)). While "a client's refusal to pay attorney's fees may constitute 'good cause' to withdraw . . . courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel." Id. (internal citations omitted).

9. "There is an important distinction between mere nonpayment and deliberate disregard of financial obligations." Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP v. Hirsch, No. 09-CV-5575 (CBA), 2010 WL 2667198, at *2 (E.D.N.Y. June 23, 2010). Deliberate disregard "occurs when the client has the ability to pay fees, but declines to do so," so that "a solvent client who simply elects not to pay an obligation to an attorney deliberately disregards that obligation." United States v. Stein, 488 F. Supp. 2d 370, 374 (S.D.N.Y. 2007) (refusing to grant defense counsel's motion to withdraw where client was in dire financial circumstances of which counsel was aware); see also S.E.C. v. Intracom Corp., No. CV02-4367(LDW)(ETB), 2007 WL 1593208, at *1, at *2 (E.D.N.Y. June 1, 2007) (denying application for withdrawal where client was unemployed and thus unable to pay legal fees and counsel knew of client's financial circumstance).

10. Based on defense counsel's representations, this action does not involve a situation where the client is able, but refuses, to pay his attorney's legal fees. Rather, Defendants contend that the asset freeze has rendered them unable to pay the fees. The New York Code of Professional Responsibility advises attorneys that the "full availability of legal counsel requires . . . that lawyers who undertake representation complete the work involved," N.Y. Code of Prof'l Responsibility E.C. 2-31, and that a decision to

withdraw as counsel "should be made only on the basis of compelling circumstances." Id. at E.C. 2-32.  Defense counsel's argument that Defendants' financial circumstances merit release of funds from the asset freeze appears to be inconsistent with their contention that non-payment is a compelling circumstance that merits withdrawal.  This is particularly so in light of the fact that defense counsel was aware of the asset freeze when they agreed to undertake the representation.

11.     Further, "[i]n addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'"  Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir.1999) (quoting Brown v. Nat'l Survival Games, Inc., No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)).  There is no question that defense counsel's withdrawal would significantly disrupt the suit at this stage.  The parties are currently in the midst of pre-trial filings with a scheduled trial date less than three months away.  Moreover, Defense counsel provides no basis for the delay in filing this motion, which could have been done immediately after the denial of the summary judgment motion—nine months before the present motion was filed—or even at the time that the trial date was set on October 4, 2017—approximately six months before the motion was filed.  Granting withdrawal after defense counsel's inaction would doubtlessly prejudice Defendants, as it would further delay their trial and the potential release from the preliminary injunction and asset freeze to which they have been subject for more than three years.  It would also adversely affect this Court, which has reserved time on its trial calendar for a lengthy bench trial in July.

12.     The unexplained delay in filing this motion, and the prejudice that would result were the Court allow withdrawal at this late stage, provides further basis for denial

of the motion. Welch v. Niagara Falls Gazette, No. 98-CV-0685E(M), 2000 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000) ("When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected.").

IT HEREBY IS ORDERED that Defendants' [243] Motion to Vacate is DENIED without prejudice to further applications for release of funds for attorneys' fees.

SO ORDERED.

Dated: May 8, 2018
Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                     United States District Judge