# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, and **PEOPLE OF THE STATE OF NEW YORK** by BARBARA D. UNDERWOOD, Attorney General of the State of New York.<br><br>    Plaintiff,<br><br>    v.<br><br>**VANTAGE POINT SERVICES, LLC**, a limited liability company;<br><br>**PAYMENT MANAGEMENT SOLUTIONS, INC.**, a corporation;<br><br>**BONIFIED PAYMENT SOLUTIONS, INC.**, a corporation;<br><br>**MEGAN VANDEVIVER**, individually and as an officer of one or more of the Corporate Defendants;<br><br>**GREGORY MACKINNON**, individually and as an officer of one or more of the Corporate Defendants;<br><br>**ANGELA BURDORF**, individually and as an officer of one or more of the Corporate Defendants; and<br><br>**JOSEPH CIFFA**, individually and as an officer of one or more of the Corporate Defendants.<br><br>    Defendants. | Case No. 15-CV-00006-WMS-HKS<br><br>**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANTS JOSEPH CIFFA AND BONIFIED PAYMENT SOLUTIONS, INC.** |

Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of New York, by the Attorney General of the State of New York ("NY AG"), commenced this civil action on January 5, 2015 by filing a complaint (the "Complaint") for temporary, preliminary, and permanent injunctive relief and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814(a) of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), N.Y. Executive Law § 63(12), and

N.Y. General Business Law Article 22-A § 349 and Article 29-H § 602.

The FTC and the NY AG have stipulated with Defendants Joseph Ciffa and Bonified

Payment Solutions, Inc. ("Stipulating Defendants") to the entry of this Stipulated Final Order for

Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this

action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS OF FACT

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and abusive debt

collection practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the

FDCPA, 15 U.S.C. §§ 1692-1692p, and N.Y. General Business Law Article 22-A § 349

and Article 29-H § 602.

3.      Only for purposes of this action, Stipulating Defendants admit the facts necessary to

establish jurisdiction.

4.      Stipulating Defendants waive any claim that they may have under the Equal Access to

Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date

of this Order, and agree to bear their own costs and attorney fees.

5.      Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the

validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1.      "**Credit repair services**" means selling, providing, or performing any service (or representing that such service can or will be sold, provided, or performed) through the use of any instrumentality of interstate commerce or the mails, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

2.      "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

3.      "**Debt collection activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due.

4.      "**Debt collector**" means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own that would indicate that a third person is collecting or attempting to collect such debts.  The term also includes any person to the extent that such person collects or attempts to collect any debt that was in default at the time it was obtained by such person.

5.       "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

A. "**Corporate Defendants**" means Vantage Point Services, LLC; Payment Management Solutions, Inc.; and Bonified Payment Solutions, Inc.; and their successors and assigns.

B. "**Individual Defendants**" means Megan VanDeViver, Gregory MacKinnon, Angela Burdorf, and Joseph Ciffa.

6. "**Financial-related product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

A. Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

B. Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; or

C. Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service;

7. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

8. "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

A. negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the

amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

B. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

C. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation;

D. negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

E. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

F. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

9. "**Stipulating Defendants**" means Joseph Ciffa and Bonified Payment Solutions, Inc., individually or collectively.

    A. "**Corporate Stipulating Defendant**" means Bonified Payment Solutions, Inc.

    B. "**Individual Stipulating Defendant**" means Joseph Ciffa.

## ORDER

## BAN ON DEBT COLLECTION ACTIVITIES

I. **IT IS ORDERED** that Stipulating Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

    A. Participating in debt collection activities, and

    B. Advertising, marketing, promoting, offering for sale, processing payments for, selling, or buying, any debt or any information regarding a consumer relating to a debt.

### PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

II. **IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are permanently restrained and enjoined from:

    A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        1. The terms or rates that are available for any loan or other extension of credit;

2.      Any person's ability to improve or otherwise affect a consumer's credit

record, credit history, or credit rating or ability to obtain credit;

3.      That any person can improve any consumer's credit record, credit history,

or credit rating by permanently removing negative information from the

consumer's credit record, credit history, or credit rating, even where such

information is accurate and not obsolete;

4.      Any aspect of any secured or unsecured debt relief product or service,

including but not limited to, the amount of savings a consumer will

receive from purchasing, using, or enrolling in such secured or unsecured

debt relief product or service; the amount of time before which a consumer

will receive settlement of that consumer's debts; or the reduction or

cessation of collection calls;

5.      That a consumer will receive legal representation;

6.      That any particular outcome or result from a financial-related product or

service is guaranteed, assured, highly likely or probable, or very likely or

probable;

7.      The nature or terms of any refund, cancellation, exchange, or repurchase

policy, including, but not limited to, the likelihood of a consumer

obtaining a full or partial refund, or the circumstances in which a full or

partial refund will be provided to the consumer;

8.      Any other fact material to consumers concerning any financial-related

product or service, such as:  the total costs; any material restrictions,

limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.    Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## CONSUMER INFORMATION

**III.**    **IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.    Failing to provide sufficient consumer information to enable the FTC and the NY AG to administer efficiently consumer redress.  If a representative of the FTC or the NY AG requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the FTC or the NY AG, within 14 days.

B.    Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, Social Security Number, or other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt.

C.    Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC or the NY AG.

**Provided, however,** that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

IV.   **IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of TWENTY-TWO MILLION, FIVE HUNDRED THIRTY-FOUR THOUSAND, NINE HUNDRED NINETEEN DOLLARS ($22,534,919) is entered in favor of the Plaintiffs against Stipulating Defendants, jointly and severally, as equitable monetary relief.

B.    The judgment is suspended, subject to the Subsections below. Upon entry of this order, the asset freezes as to Joseph Ciffa and Bonified Payment Solutions (Dkt. 62, Dkt. 202, Dkt. 242) are dissolved.

C.    Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements and related documents (collectively, "financial statements") submitted to the FTC and the NY AG, namely:

1.    the Financial Statement of Bonified Payment Solutions, Inc., dated February 5, 2015;

2.    the financial statement of Joseph Ciffa, dated January 23, 2017; and

3.    the declaration of Joseph Ciffa dated June 28, 2018, and its attachments.

D.    The suspension of the judgment will be lifted as to Stipulating Defendants if, upon motion by the FTC or the NY AG, the Court finds that Stipulating Defendants failed to disclose any material asset, materially misstated the value of

any asset, or made any other material misstatement or omission in the financial statements identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Stipulating Defendants in the amount specified in Subsection A above (which Plaintiffs and Stipulating Defendants stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.    All money paid to the FTC or the NY AG pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as the FTC determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money held by the FTC not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendants have no right to challenge any actions the FTC, the NY AG or their representatives may take pursuant to this Subsection.

G.    Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC or the NY AG, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC or the NY AG pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.      Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which they previously submitted to the FTC or the NY AG, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## COOPERATION WITH PLAINTIFFS

**V.      IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the FTC and the NY AG in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  The Stipulating Defendants must provide truthful and complete information, evidence, and testimony. The Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a representative of the FTC or the NY AG may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a representative of the FTC or the NY AG may designate, without the service of a subpoena.

**CONTINUATION OF RECEIVER**

**VI.    IT IS FURTHER ORDERED** that upon entry of this order, Raymond Fink, as Receiver, is authorized to liquidate all remaining receivership property as to Bonified Payment Solutions, Inc.  Upon resolution of this case with respect to all Defendants, the Receiver is authorized to dispose of all remaining files, records, and computers as to Bonified Payment Solutions, Inc. The Receiver is directed to wind up Bonified Payment Solutions, Inc. and liquidate all of its assets within thirty days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.  Upon termination of the receivership as to Bonified Payment Solutions, and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC, the NY AG or their designated agent all remaining assets of Stipulated Defendants in the receivership estate.

**ORDER ACKNOWLEDGMENTS**

**VII.    IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.    Stipulating Defendants, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 20 years after entry of this Order, Stipulating Defendants, for any business that they, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must

occur within 7 days of entry of this Order for current personnel.  For all others,
delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Stipulating Defendant delivered a copy of
this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated
acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

VIII.  **IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to
the FTC:

A.  One year after entry of this Order, Stipulating Defendants must submit a
compliance report, sworn under penalty of perjury, that must:  (1) identify all
telephone numbers and all physical, postal, email, and Internet addresses,
including all residences; (2) identify all business activities, including any business
for which Stipulating Defendant performs services whether as an employee or
otherwise and any entity in which Stipulating Defendant has any ownership
interest; (3) describe in detail Stipulating Defendant's involvement in each such
business, including title, role, responsibilities, participation, authority, control,
and any ownership; (4) identify the primary physical, postal, and email address
and telephone number, as designated points of contact, which representatives of
the FTC or the NY AG may use to communicate with Stipulating Defendant; (5)
identify all of Stipulating Defendant's businesses by all of their names, telephone
numbers, and physical, postal, email, and Internet addresses; (6) describe the
activities of each business, including the goods and services offered, the means of
advertising, marketing, and sales, and the involvement of any other Defendant

(which Stipulating Defendant must describe if they know or should know due to their own involvement); (7) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (8) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

B.  For 20 years after entry of this Order, Stipulating Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:  (1) name, including aliases or fictitious name, or residence address; (2) title or role in any business activity, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest; (3) any designated point of contact; or (4) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Stipulating Defendants must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC, et al. v. Vantage Point Services, LLC, et al.*, Matter Number X150018.

## RECORDKEEPING

**IX.      IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, for any business that a Stipulating Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, they must create and maintain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.      A copy of each unique advertisement or other marketing material.

**COMPLIANCE MONITORING**

**X.**     **IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating

Defendants' compliance with this Order, including the financial representations upon

which part of the judgment was suspended and any failure to transfer any assets as

required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the FTC or

the NY AG, Stipulating Defendants must:  submit additional compliance reports

or other requested information, which must be sworn under penalty of perjury;

appear for depositions; and produce documents, for inspection and copying.  The

FTC or the NY AG is also authorized to obtain discovery, without further leave of

court, using any of the procedures prescribed by Federal Rules of Civil Procedure

29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the FTC or the NY AG is authorized to

communicate directly with Stipulating Defendants. Stipulating Defendants must

permit representatives of the FTC or the NY AG to interview any employee or

other person affiliated with Stipulating Defendants who has agreed to such an

interview.  The person interviewed may have counsel present.

C.     The FTC or the NY AG may use all other lawful means, including posing,

through its representatives, as consumers, suppliers, or other individuals or

entities, to  Stipulating Defendants or any individual or entity affiliated with

Stipulating Defendants, without the necessity of identification or prior notice.

Nothing in this Order limits the FTC or the NY AG's lawful use of compulsory

process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the FTC or the NY AG, any
consumer reporting agency must furnish consumer reports concerning Stipulating
Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting
Act, 15 U.S.C. §1681b(a)(1).

## ENTRY OF JUDGMENT

XI.     **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this
judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk
immediately shall enter this Order as a final judgment as to Defendant Joseph Ciffa and
Bonified Payment Solutions, Inc.

## RETENTION OF JURISDICTION

XII.    **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for
purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 16th day of July, 2018.

_/s/William M. Skretny_
Hon. William M. Skretny
Senior United States District Judge
United States District Court

**SO STIPULATED AND AGREED**

**FOR PLAINTIFFS:**

FEDERAL TRADE COMMISSION


/s/      *Colin Hector*                          Date: July 6, 2018
Colin Hector
Federal Trade Commission
901 Market Street, St. 570
San Francisco, CA 94103
T: (202) 326-3376
chector@ftc.gov

Nikhil Singhvi
Leah Frazier
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
T: (202) 326-3480; (202) 326-2187
nsinghvi@ftc.gov; lfrazier@ftc.gov

PEOPLE OF THE STATE OF NEW YORK


_/s/_      _Christopher Boyd_                                Date:  July 6, 2018
Christopher Boyd
Assistant Attorney General
350 Main Street - Ste 300A
Buffalo, NY 14202
T: (716) 853-8457
Christopher.Boyd@ag.ny.gov

**FOR STIPULATING DEFENDANTS:**


*/s/      Joseph Makowski*                            Date:  June 28, 2018
Joseph Makowski
April J. Orlowski
Law Office of Joseph G. Makowski
448 Delaware Avenue
Buffalo, New York 14202
T: (716) 427-6704
jmakowski@aol.com; april@makowskilawoffice.com

COUNSEL For: Joseph Ciffa and Bonified Payment Solutions, Inc.

**STIPULATING INDIVIDUAL DEFENDANT:**

_/s/_____Joseph Ciffa_____          Date:  June 28, 2018
Joseph Ciffa
Individually and as an officer of one or more of the Corporate Defendants

**STIPULATING CORPORATE DEFENDANT:**

_/s/_____Joseph Ciffa_____          Date:  June 28, 2018
Joseph Ciffa
As an officer of Bonified Payment Solutions, Inc.