UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION and PEOPLE
OF THE STATE OF NEW YORK, by ERIC T.
SCHNEIDERMAN, Attorney General of the State
of New York,

                      Plaintiffs,

v.

VANTAGE POINT SERVICES, LLC, a New York      Case No. 15-cv-00006
limited liability company; PAYMENT
MANAGEMENT SOLUTIONS, INC., a New York
Corporation; BONIFIED PAYMENT SOLUTIONS,
INC., a New York corporation, et al.,

                      Defendants.

---

## FINAL REPORT OF RECEIVER

To:    Honorable William M. Skretny
        U.S. District Court Judge

      RAYMOND L. FINK (the "Receiver") hereby files and submits the Receiver's second and final report (the "Final Report") regarding the above-captioned matter and, accordingly, seeks an order of the United States District Court for the Western District of New York (the "Court") accepting the Final Report, discharging the Receiver and the Receiver's Bond and directing a disposition of the funds held by the Receiver.

      1.    Reference is hereby made to the Preliminary Report of the Receiver (the "Preliminary Report") filed in the above-captioned matter [ECF Dkt #30]. All defined terms as set forth in the Preliminary Report, as well as the substance of the Preliminary Report are incorporated herein by reference.

1

2. As of January 7, 2015, all of the collection activities and account management services that were conducted by the Receivership Defendants were discontinued and all employees were laid off.

3. The Receiver's activities were exclusively focused upon the wind down of the businesses, collecting, preserving records and documentation and securing the Jacksonville Office, Lockport Road Office and French Road Office (together, the "Receivership Defendants' Offices").

4. Throughout 2015, the Receiver facilitated access to the Receivership Defendants' Office upon request from representatives of the FTC, NYSAG and counsel for the defendant. In particular, where access to the Lockport Road Office and French Road Office (together, the "WNY Offices") were requested, the Receiver accompanied counsel and supervised the activities and inspections by the parties' representatives.

5. Representatives of the Consumer Financial Protection Bureau ("CFPB") also requested access to the Receivership Defendants' Offices. The Receiver monitored and oversaw the CFPB's process of copying documents and records located within the WNY Offices. This also necessitated coordination with respect to the Jacksonville Office

6. Among other activities that the Receiver performed were:

- Assist with data downloads for the FTC from the Receivership Defendants' external data service provider, @GNITO,
- Conduct interviews with former staff and employees (Kensinger, Steckleberg amd Slovenski);
- Facilitate and supervise removal of personal property of former employees;
- Limited Court appearances;

- Conduct and finalize negotiations for turnover and surrender of the Receivership Defendants' Offices;
- Obtain and forward information re J. Ciffa's continuation of consumer collection activities at new offices in Niagara Falls, New York;
- Finalize payroll and COBRA coverage;
- Arrange for the destruction of consumer records and private information at WNY Offices and shredding by Lincoln Archives; and
- Review relevant pleadings and motions.

7. Attached hereto as **Exhibit A** is an accounting of all receipts and disbursements from the inception of the receivership to the present time (the "Accounting"). The Receiver presently holds in the account the total sum of Two Hundred Fifty-Three Thousand, Eight Hundred Twenty-Five and 29/100 Dollars ($253,825.29).

8. As noted in **Exhibit A,** the Receiver obtained funds from third party payment processors, including Merchants E Solutions/Big Tree ("Merchants Solutions") net of charge backs and setoffs. In particular, the Receiver obtained a net remittance from Merchants Solutions in the amount of Twenty-Five Thousand, Four Hundred Thirty-Seven and 30/100 Dollars ($25,437.30), which purportedly was based upon the underlying merchant account agreement between Merchants Solutions and PMS.

9. Recently, Merchants Solutions has asserted subsequent charge backs in respect of the PMS account in the amount of Forty-Two Thousand, Two Hundred Fifty-Eight and 51/100 dollars ($42,258.51) (the "Additional Charge Backs").

10. The Receiver has been in communications with the law firm representing Merchants Solutions and requested supporting information regarding the Additional Charge

Backs. Attached hereto as **Exhibit B** and made a part hereof is the information provided by Merchants Solutions in support of the Additional Charge Backs.

11.     The Receiver is unable to determine the merits of the Additional Charge Backs and upon receipt of the remittance from Merchants Solutions, I was under the impression that all of the charge backs had been cleared and that the final remittance was net of all adjustments and charge backs.

12.     In addition, with respect to PMS, the New York State Workers' Compensation Board has filed a penalty claim in the amount of Twenty-Four Thousand and no/100 Dollars ($24,000.00) for PMS's failure to provide insurance and the New York State Department of Taxation Unemployment Division has filed a claim in the amount of Two Thousand, Six Hundred Forty-Six and no/100 Dollars ($2,646.00). The Internal Revenue Service also has a claim of Two Hundred Forty-eight and 50/100 Dollars ($248.50) against Solidified Payment Solutions LLC and Angela Burdorf. Copies of the New York State Tax Department Unemployment Insurance claim, the New York State Workers' Compensation Claim and the IRS claim are attached hereto as **Exhibits C, D** and **E** respectively.

13.     Clearly, the total remittances that the Receiver recovered in respect of PMS are far less than the total claims asserted respectively by Merchants Solutions and the State of New York.

14.     The Receiver resigned from Harter Secrest & Emery LLP ("HSE") on January 4, 2017 and joined the firm of Lippes Mathias Wexler Friedman LLP ("Lippes Mathias")[1] as a partner. At the point of that transition, the Receiver's functions and responsibilities with regard to the Receivership Defendants and Individual Defendants had long since ceased. The only activity,

---

[1] Lippes Mathias has represented some of the defendants.

1599046_2

other than filing this Final Report, was to maintain custody of the receivership funds. The Receiver does not seek compensation for services rendered from January 4, 2017.

15. Further details and descriptions of the Receiver's services provided since the Preliminary Report are referenced in the Harter Secrest & Emery LLP invoice attached hereto as **Exhibit F** (the "HSE Final Invoice"). Pursuant to this Court's Decision and Order of April 10, 2015, the Receiver was allowed interim compensation in the amount of Thirty-Five Thousand, Four Hundred Thirty-One and 35/100 Dollars ($35,431.35) and disbursements of One Thousand One Hundred Thirteen and 13/100 Dollars ($1,113.13) [ECF Dkt #54], which were remitted to HSE. Fees and disbursements, respectively, in the amounts of Forty-Two Thousand, Eight Hundred and no/100 Dollars ($42,800.00) and Seven Hundred Seventy-Four and 77/100 Dollars ($774.77) were allowed for the Receiver's Jacksonville, Florida counsel.

16. Based upon discussions with my former partners at HSE, in the spirit of potentially maximizing the recovery to the FTC for the disposition of the receivership funds to injured parties, HSE has agreed to accept one-half (1/2) of the final invoice, plus disbursements.

17. Accordingly, the Receiver requests the allowance of the second interim and final compensation to the Receiver for services rendered from March 1, 2015 through December 31, 2016 in the amount of Twenty-Two Thousand, Sixty-Two and 63/100 Dollars ($22,062.63), plus disbursements of Two Hundred Twenty-Seven and 05/100 Dollars ($227.05), for the total amount of Twenty-Two Thousand, Two Hundred Eighty-Nine and 68/100 Dollars ($22,289.68). The final fees will be paid to HSE. No further fees are owed to Florida counsel.

18. The Receiver respectfully requests that this Court accept the Receiver's Final Report and provide direction regarding the disposition of the receivership funds, including with respect to the claims of Merchants E Commerce, the State of New York and the IRS, as well as

1599046_2

requesting allowance of the Receiver's fees, as referenced above, to Harter Secrest & Emery, and for the discharge of the Receiver and the Receiver's bond (Bond #S-836738 issued by NGM Insurance Company.

WHEREFORE, the Receiver respectfully requests that the above relief be granted, along with such other and further relief as this Court may seem just and appropriate.

Dated: November 20, 2018
Buffalo, New York

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s/ Raymond L. Fink
Raymond L. Fink, Esq.
*Receiver*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202-2216
(716) 853-5100
rfink@lippes.com